IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD A. GRANT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00576-MJR |
| ) | |
| **STATE OF ILLINOIS,** ) | |
| **JOHN R. BALDWIN,** ) | |
| **CRAIG FOSTER,** ) | |
| **GUY PIERCE, and** ) | |
| **UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**
**GRANTING TEMPORARY RESTRAINING ORDER**

**REAGAN, Chief Judge:**

Plaintiff Reginald A. Grant, represented by counsel, filed the above-captioned civil rights case in the United States District Court in the central district of Illinois. The case was then transferred to this Court in the southern district of Illinois because the bulk of events occurred at Vandalia Correctional Center, which is located in this judicial district.

Plaintiff Grant is an inmate previously housed at Pontiac Correctional Center, and currently housed in Vandalia Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his rights under the Constitution, Rehabilitation Act of 1973, and Americans with Disabilities Act. Plaintiff is blind and his principal claims are that while housed at Pontiac and Vandalia his disability has not been accommodated, and he has faced deliberate indifference with respect to his need

for a cane, a person to assist him with his basic needs on a daily basis, and medical care. Plaintiff further takes issue with not being assisted in selecting audio books and not being helped with institutional grievances.

The complaint was accompanied by a "Motion for Mandatory Temporary Restraining Order and Preliminary Injunction" (Doc. 3), which must be addressed immediately.

As a preliminary matter, the Court finds that, following a preliminary review as required under to 28 U.S.C. § 1915A, the complaint states multiple colorable claims and shall proceed. Turning to the motion for injunctive relief, it is alleged that:

> The irreparable harm that Plaintiff Grant suffers and will continue to suffer, absent injunctive relief, is the decreased quality of life; an inability to navigate himself and a corresponding increased likelihood that he will be injured by falling or other injuries sustained due to his ability to see is surroundings; an increased vulnerability to abuse and harassment by other inmates due to his significantly limited ability to defend himself; limited means to submit grievances; living in fear of physical harm from other inmates and/or self-inflicted physical harm by his inability to see his surroundings; disciplinary action from correctional officers for his failure to adequately respond to orders; and the corresponding decreased quality of life whereby Grant will remain in his cell longer than other inmates to avoid these issues and is effectively denied the same or similar recreational activities that other inmates enjoy. Grant is currently experiencing these harms, and is very likely to continue to experience these or more severe harms in the future, all of which cannot be remedied by money damages.

(Doc. 3-1, pp. 3-4). He requests:

> a temporary restraining order, without bond, mandating the State of Illinois, John R. Baldwin, Craig Foster in his official capacity as Warden of Vandalia Correctional Center, and all Unknown Employees of the Illinois Department of Corrections acting at his direction, to provide Reginald A. Grant with (1) an adequate mobility aid and/or an assistant for the purpose of a minimal civilized measure of life's necessities, (2) assistance

> in reading and writing when reasonably necessary, and (3) adequate medical treatment, for such time until this Court can schedule hearing for a preliminary injunction, and thereafter enter a preliminary injunction, without bond, in order to alter the status quo and return the parties to their last uncontested status, which preceded the controversy, during the pendency of this action and until a trial is held.

(Doc. 3, p. 2).

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). It is the request for a TRO that the Court must focus on, as a preliminary injunction can wait until after the Section 1915A review, which will be completed within a matter of weeks.[1]

Many of the events described in the complaint and motion for injunctive relief are historic and, therefore, cannot warrant injunctive relief. For example, according to the complaint, in September 2014, while at Pontiac, Plaintiff tripped over a raised

---

[1] Plaintiff's motion focuses on the legal standard for issuance of a preliminary injunction and the argument is geared toward a preliminary injunction, as opposed to a TRO. Nevertheless, Plaintiff clearly requests a TRO so the Court's analysis at this juncture will be limited solely to the request for a TRO.

section of flooring and incurred severe pain, for which he was denied treatment (Doc. 1, p. 3). Plaintiff is no longer at Pontiac.

> Relative to Plaintiff's present situation at Vandalia, according to the motion:
>
> Grant continues to have sporadic assistance in connection with his blindness; he continues to have a broken walking cane; and inmates that have been assigned to provide Grant with mobility assistance are unwilling to help, have become threatening or violent, and discontinue service at their own discretion.

(Doc. 3-1, p. 5). The complaint indicates that Plaintiff fell again in February 2016 at Vandalia, injuring his head and back, and he was purportedly denied "appropriate medical treatment" (Doc. 1, p. 4). It is reasonably foreseeable that Plaintiff could fall at any time, given his blindness, lack of a suitable cane[2], and with no one to help him navigate outside his cell. Similarly an aid is obviously needed to assist with the activities of daily living, such as carrying Plaintiff's food tray, going up and down stairways if such an occasion arises. It is hard to imagine being in a more vulnerable position than being blind in prison, thus limited relief is needed immediately.

In contrast, Plaintiff does not describe *any* present need for medical care, or any impending medical problem. There is no suggestion that his injuries from February 2016 have lingered.

The request for "assistance in reading and writing when reasonably necessary" is too amorphous to warrant a temporary restraining order. The complaint pertains to a two-year period, yet Plaintiff has failed to flesh out what his needs are with respect to his motion

---

[2] Plaintiff refers to a "walking cane," but it is not clear that he doesn't mean what is often referred to as a "white cane," "Hoover cane," or "blind person's cane," as opposed to an orthopedic cane. In either event, his immediate need for a cane to replace his broken one is obvious—at least based on the pleadings presently before the Court.

for a TRO. The need to select audiobooks for pleasure is not the sort of need that requires a TRO. There is nothing to suggest that Plaintiff has a present grievance in mind or that his current litigation is impacted. With that said, the Court anticipates that any aid assigned to Plaintiff for purposes of navigating the prison and tending to basic needs he cannot perform without assistance will, for example, read signs and notices, and read and write brief correspondence, including a rudimentary grievance (the aid is not expected to be a full-service secretary or paralegal).

## Disposition

**IT IS HEREBY ORDERED** that the complaint shall **PROCEED**. Because Plaintiff is represented by counsel, Plaintiff's counsel is responsible for effecting service of summons and the complaint. The record reflects that Defendants Craig Foster has been served with summons and the complaint, but an answer or other response is due on or before June 14, 2016.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that, for the reasons stated, Plaintiff's "Motion for Mandatory Temporary Restraining Order and Preliminary Injunction" (Doc. 3) is

**GRANTED IN PART, DENIED IN PART,** in that Defendant **CRAIG FOSTER**, in his official capacity as warden of Vandalia Correctional Center, **shall ensure that Plaintiff Reginald A. Grant is immediately assigned a mobility aid and/or assistant for purposes of navigating beyond the confines of his cell. The aid shall also perform and basic or incidental reading and writing tasks, and assist Plaintiff as generally discussed in this Order—all until such time as Plaintiff's motion for a preliminary hearing is resolved.** No other injunctive relief is authorized at this time.

      **IT IS FURTHER ORDERED** that, in in accordance with Federal Rule of Civil Procedure 65(b)(2), **this temporary restraining order shall expire 14 days from the date of this order, at the time reflected on the notice of electronic filing ("NEF"), unless extended by further order of the Court.**

      **IT IS FURTHER ORDERED** that the aspect of Plaintiff's motion seeking a preliminary injunction (Doc. 3) is **REFERRED to U.S. Magistrate Judge Stephen C. Williams**, who shall resolve the request for injunctive relief as soon as practicable and issue a report and recommendation. **Judge Williams shall alert the Court if an extension of the temporary restraining order is necessary.**

      **IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Doc. 3) is set for hearing before Magistrate Judge Williams on **June 9, 2016, at 1:30 p.m.**, in the U.S. District Court in East St. Louis, Illinois. The Clerk of Court is **DIRECTED** to issue a writ to ensure Plaintiff's participation via video; Plaintiff's counsel shall appear in Court.

The Clerk of Court is **DIRECTED** to electronically transmit <u>and</u> express mail this order and the NEF to the Illinois Attorney General, and Defendant Warden Craig Foster at Vandalia Correctional Center.  The Clerk of Court shall also contact the litigation coordinator at Vandalia Correctional Center via telephone to ensure Warden Craig Foster is alerted to the issuance of this temporary restraining order.

**IT IS SO ORDERED.**

**DATED:  May 26, 2016**                    s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**